1
2
3
4
5
6
7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**OCT 2 9 2012**

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10                WESTERN DIVISION

11

12   DENTRAY WHITE,                      )   Case No.  CV 12-09032 VBF (AN)
                                         )
13              Petitioner,              )   **ORDER TO SHOW CAUSE RE**
                                         )   **DISMISSAL OF PETITION FOR**
14        v.                             )   **WRIT OF HABEAS CORPUS BY A**
                                         )   **PERSON IN STATE CUSTODY AS**
15   JOHN KATAVICH, Warden,              )   **TIME-BARRED**
                                         )
16              Respondent.              )
                                         )
17   _____ )

18

19                    **I. BACKGROUND**

20        Before the Court is a petition for writ of habeas corpus ("Petition") brought by

21   Dentray White ("Petitioner"), a state prisoner proceeding *pro se*. Petitioner is currently

22   incarcerated at Wasco State Prison serving a 17-year sentence pursuant to an April 7,

23   2003 conviction in the California Superior Court for Los Angeles County. Petitioner

24   was convicted of two counts of first degree residential burglary, and the trial court

25   found he had suffered two prior strike convictions (case no. YA058373). The Petition

26   is brought pursuant to 28 U.S.C. § 2254 and raises four claims directed at Petitioner's

27   placement in the Administrative Segregation Unit ("ASU") at the California Men's

28   Colony ("CMC") while he was housed there.

1   For the reasons set forth below, Petitioner is ordered to show cause why his

2   Petition should not be dismissed with prejudice because it is time-barred.

3   ## II. DISCUSSION

4   ## A.   Standard of Review

5   Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States

6   District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly

7   examine" a habeas petition and "[i]f it plainly appears from the petition and any

8   attached exhibits that the petitioner is not entitled to relief in the district court, the

9   judge must dismiss the petition and direct the clerk to notify the petitioner." Local

10   Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall

11   examine a petition for writ of habeas corpus, and if it plainly appears from the face of

12   the petition and any exhibits annexed to it that the petitioner is not entitled to relief,

13   the Magistrate Judge may prepare a proposed order for summary dismissal and submit

14   it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an

15   untimely habeas petition may be dismissed *sua sponte*, however, the district court

16   must give the petitioner adequate notice and an opportunity to respond before doing

17   so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*,

18   260 F.3d 1039, 1043 (9th Cir. 2001).

19   ## B.   Statute of Limitations

20   The Petition is governed by the Antiterrorism and Effective Death Penalty Act

21   of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state

22   prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see also*

23   *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) ("§ 2244's one-year limitation

24   period applies to all habeas petitions filed by persons in 'custody pursuant to the

25   judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges a

26   pertinent administrative decision rather than a state court judgment."). In most cases,

27   the limitations period begins to run from "the date on which the judgment became

28   final by conclusion of direct review or the expiration of the time for seeking such

1  review." § 2244(d)(1)(A). However, where the petitioner challenges an administrative
2  action such as a prison disciplinary action, subsection (A) is inapplicable because the
3  term "judgment" in that subsection refers to the "judgment of conviction and
4  sentence" in the state court, and the words "direct review" refer to the "direct appellate
5  review of that judgment," neither of which are relevant to the administrative decision
6  under attack. *Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003); *see also*
7  *Shelby*, 391 F.3d at 1066. Instead, § 2244(d)(1)(D) applies to habeas petitions
8  challenging administrative bodies such as parole and disciplinary boards. *Redd*, 343
9  F.3d at 1082-85; *Shelby*, 391 F.3d at 1066.

10       Under subsection (D), the limitation period begins to run on "the date on which
11  the factual predicate of the claim or claims presented could have been discovered
12  through the exercise of due diligence." *Id.* (*quoting* § 2244(d)(1)(D)). Where a
13  petitioner is challenging a state prison disciplinary proceeding, the factual basis of his
14  claims is deemed to have been discovered the day the petitioner receives notice that
15  his administrative appeal was denied. *See Shelby*, 391 F.3d at 1066.

16       The face of the Petition and the attached exhibits[1] establish the following
17  relevant facts. Petitioner was identified through an ongoing investigation by the
18  CMC's Investigation Services Unit as a possible co-conspirator in narcotic trafficking.
19  On March 15, 2010, Petitioner was removed from the general population and placed
20  in the ASU pending completion of the investigation, adjudication of any resulting
21  administrative charges, and possible referral to the district attorney for criminal
22  prosecution. It is unclear from the face of the Petition whether any administrative or
23  criminal charges resulted from the investigation, or how long Petitioner remained in
24  the ASU at CMC, but his attachments indicate that prison officials approved at least
25
26

27      [1]   The Petition and attached exhibits are not accurately and consecutively
numbered as required by Local Rule 11-3.3. For convenience and clarity, the Court
28  will use the pagination furnished by its CM-ECF electronic document filing system.

1    two extensions, and Petitioner alleges he spent "approximately one year" in the ASU.

2    (Pet. at 6, 12-13.) On March 24, 2010, Petitioner appealed his placement in the ASU

3    to the appropriate prison appeals office, and his appeal was denied on June 9, 2010.

4    (Pet. at 9-14.) Petitioner then made a final appeal to the Director of the California

5    Department of Corrections and Rehabilitation ("CDCR"), which was denied on

6    October 14, 2010, with a notation that "[t]his decision exhausts the administrative

7    remedy available to the appellant within CDCR." (Pet. at 15-16.)

8         Absent evidence to the contrary, the Court finds Petitioner received notice of

9    the director's decision the same day, on October 14, 2010. *See Redd*, 343 F.3d at 1082

10   (prisoner received notice of denial of his administrative appeal the same day); *see also*

11   *Shelby*, 391 F.3d at 1066 (the court assumed prisoner received notice the same day

12   where the prisoner "[did] not dispute that he received timely notice of the denial of his

13   administrative appeal . . . and he offer[ed] no evidence to the contrary."). Therefore,

14   AEDPA's limitations period started to run the next day, on October 15, 2010, and

15   ended a year later on October 15, 2011. *See Patterson v. Stewart*, 251 F.3d 1243,

16   1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the

17   triggering event pursuant to Fed. R. Civ. P. 6(a)); *see also Redd*, 343 F.3d at 1085;

18   *Shelby*, 391 F.3d at 1066. Petitioner did not constructively file his Petition until

19   October 11, 2012 -- 362 days after the expiration of the limitations period.[2/]

20   Accordingly, absent some basis for tolling or an alternative start date to the limitations

21   period under 28 U.S.C. § 2244(d)(1)(B) or (C), the pending Petition is time-barred.

22

23        [2/]   Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition

24   is deemed to be filed on the date the prisoner delivers the petition to prison authorities
     for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379

25   (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule

26   3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary,
     the Court finds Petitioner constructively filed his Petition by delivering it to the prison

27   mail system on October 11, 2012, the postmark date reflected on the envelope

28   containing the Petition.

1  **C.    Statutory Tolling**

2        AEDPA includes a statutory tolling provision that suspends the limitations

3  period for the time during which a "properly-filed" application for post-conviction or

4  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*

5  *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

6  Cir. 2005). An application is "pending" until it has achieved final resolution through

7  the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

8  2134 (2002). Further, "intervals between a lower court decision and a filing of a new

9  petition in a higher court," when reasonable, fall "within the scope of the statutory

10 word 'pending'" thus tolling the limitations period. *Id.* at 221, 223; *Evans v. Chavis*,

11 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

12       The face of the Petition does not reflect any state habeas petitions were filed for

13 the purpose of challenging Petitioner's March 15, 2010 placement in the ASU, and

14 Petitioner has not attached copies of any state habeas petitions. (Pet. at 3, 7.) However,

15 in the pending Petition, below grounds one, two, and four, Petitioner has filled in the

16 box answering "Yes" to the question, "Did you raise this claim in a habeas petition to

17 the California Supreme Court?" (Pet. at 5-6.) Further, Petitioner's state court records[3/]

18 establish he has filed multiple state habeas petitions over the course of several years.

19 However, those records do not indicate whether any of those petitions pertain to this

20 matter.

21       Consequently, the face of the Petition establishes Petitioner is not entitled to any

22 statutory tolling. However, to the extent Petitioner filed any state habeas petitions

23 challenging the relevant disciplinary action, and for which he might be entitled to

24

25       [3/]   The Court takes judicial notice of Petitioner's records in the state appellate

26 courts, which are available at http://appellatecases.courtinfo.ca.gov ("state court

27 records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas
   courts may take judicial notice of relevant state court records), *overruled on other*

28 *grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

1  statutory tolling, **he must attach copies of all relevant petitions to his response to**
2  **this Order to Show Cause**.

3  **D.     Alternative Start of the Statute of Limitations**

4        Although *Redd* and *Shelby* expressly held that § 2244(d)(1)(A) is inapplicable
5  to administrative actions such as a state prison disciplinary decision, § 2244(d)(1)
6  contains two additional subsections with alternate start dates to AEDPA's limitations
7  period, as discussed below.

8        **1.     State-Created Impediment**

9        In rare instances, AEDPA's one-year limitations period can run from "the date
10 on which the impediment to filing an application created by State action in violation
11 of the Constitution or laws of the United States is removed, if the applicant was
12 prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that
13 the statute of limitations was delayed by a state-created impediment requires
14 establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir.
15 2002). The Petition does not set forth any facts for an alternate start date under this
16 provision.

17       **2.     Newly Recognized Constitutional Right**

18       AEDPA provides that, if a claim is based upon a constitutional right that is
19 newly recognized and applied retroactively to habeas cases by the United States
20 Supreme Court, the one-year limitations period begins to run on the date which the
21 new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).
22 The Petition does not set forth any facts for an alternate start date under this provision.

23 **E.     Equitable Tolling**

24       AEDPA's limitations period "is subject to equitable tolling in appropriate
25 cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However,
26 "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger
27 equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."
28 *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292

1   F.3d 1063, 1066 (9th Cir. 2002)).

2   "[A] litigant seeking equitable tolling bears the burden of establishing two

3   elements: (1) that he has been pursuing his rights diligently, and (2) that some

4   extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408,

5   418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079

6   (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in

7   reasonably diligent efforts to file his § 2254 petition throughout the time the

8   limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir.

9   2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("the party seeking

10  equitable tolling must have acted with reasonable diligence throughout the period he

11  seeks to toll" and show "extraordinary circumstances prevented him from filing his

12  petition on time"). The petitioner must also demonstrate that he exercised reasonable

13  diligence in attempting to file his habeas petition after the extraordinary circumstances

14  began, otherwise the "link of causation between the extraordinary circumstances and

15  the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary

16  circumstances" prong requires the petitioner to "additionally show that the

17  extraordinary circumstances were the cause of his untimeliness, and that the

18  extraordinary circumstances made it impossible to file a petition on time." *Ramirez v.*

19  *Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted).

20  Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449

21  F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is

22  appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

23  Additionally, although "we do not require [the petitioner] to carry a burden of

24  persuasion at this stage in order to merit further investigation into the merits of his

25  argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir.

26  2003), "[w]here the record is amply developed, and where it indicates that the [alleged

27  extraordinary circumstance did not] cause the untimely filing of his habeas petition,

28  a district court is not obligated to hold evidentiary hearings to further develop the

1   factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*,

2   627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666

3   (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us

4   on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the

5   district court does not necessarily abuse its discretion if it denies the petitioner a

6   hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

7       The Petition does not set forth any facts for equitable tolling.

8   ## O R D E R

9       Based on the foregoing, the Court finds this action is untimely. Accordingly,

10   Petitioner shall have until **November 16, 2012**, to file a written response and show

11   cause why his Petition should not be dismissed with prejudice because it is time-

12   barred. In responding to this Order, Petitioner must show by declaration and any

13   properly authenticated exhibits what, if any, factual or legal basis he has for claiming

14   that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of

15   limitations should be tolled, or the start date extended.

16       **Petitioner is warned that if a timely response to this Order is not made,**

17   **Petitioner will waive his right to respond and the Court will, without further**

18   **notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

19       **Further, if Petitioner determines the Court's analysis is correct and the**

20   **Petition is time-barred, he should consider filing a Request for Voluntary**

21   **Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

22

23       IT IS SO ORDERED.

24

25

26   DATED: October 29, 2012

27                        ARTHUR NAKAZATO
               UNITED STATES MAGISTRATE JUDGE

28